UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  CV 15-9250-MWF (KS)                                              Date: December 3, 2015

Title    *Cornelius Von Lee v. Sut Sherman*

Present: The Honorable:    Karen L. Stevenson, United States Magistrate Judge

| Roxanne Horan-Walker | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On December 1, 2015, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition For Writ Of Habeas Corpus By A Person In State Custody ("Petition") pursuant to 28 U.S.C. § 2254.  According to the Petition, Petitioner was convicted on August 27, 1986 of, *inter alia*, murder (California Penal Code ("Penal Code") § 187) and arson (Penal Code § 451).  The Petition and its attachments indicate that Petitioner did not appeal his conviction or file any requests for collateral review until April 2010, approximately 23 years after Petitioner's conviction.

The Petition presents one ground for relief:  "Does the destruction of Petitioner's records, evidence, and DNA without his consent or knowledge violate any constitutional rights and/or constitutional rights significant enough for a re-trial or to be released from state prison? Yes or No."  Petitioner alleges that the Innocence Project "was willing to review and test the DNA based on the suspicion that Petitioner may be innocent . . . [but] in 1988 the entire DNA and evidence, exhibits, police reports, transcripts, attorney client files, and other records were destroyed without Petitioner's permission or consent."  Petitioner argues that the loss of these records "prevents Petitioner from ever challenging the conviction . . . based off of new evidence, arguments, training, technology, new learned and applied skills, and/or testing."

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires the Court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Pursuant to Rule 4, the Court dismisses the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   CV 15-9250-MWF (KS)                                               Date: December 3, 2015

Title      *Cornelius Von Lee v. Sut Sherman*

Petition with leave to amend because the Petition appears untimely and presents no cognizable claim for federal habeas relief.[1]

With regards to timeliness, the Antiterrorism Effective Death Penalty Act of 1986 ("AEDPA") imposes a one year statute of limitations on claims challenging state court convictions or sentences. 28 U.S.C. § 2244(d)(1). For pre-AEDPA convictions, the one year statute of limitations begins to run from the April 1996 implementation of AEDPA. *Patterson v. Stewart*, 251 F.3d 1243, 1245-46 (9th Cir. 2001). In the present case, Petitioner's conviction became final long before AEDPA's enactment, and therefore, he was required to file his federal habeas petition no later than April 24, 1997 or within one year from the latest of:

> (1) "the date on which any impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;"
> (2) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been made retroactively applicable to cases on collateral review; or
> (3) the date on which the factual predicate of the claims presented could have been discovered through due diligence.

*See* 28 U.S.C. § 2244(d).

However, according to the Petition and its attachments, Petitioner learned in 2001 about the destruction of evidence in his case via a letter from the Post Conviction Assistance Center. Thus, more than 14 years have passed since Petitioner discovered the factual predicate for his claim regarding the destruction of evidence in his case, and he has not specifically alleged any extraordinary circumstances that prevented him from filing this action before this year. *Cf. Holland v. Florida*, 560 U.S. 631, 645 (2010) (a habeas petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some *extraordinary circumstance* stood in his way and prevented timely filing") (emphasis added)

---

[1] Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 15-9250-MWF (KS) _____Date: December 3, 2015
Title    *Cornelius Von Lee v. Sut Sherman*

(internal quotation marks and citation omitted).  Accordingly, the Petition must be dismissed as untimely.

Further, regardless of whether the Petition is timely, the Petition must be dismissed for failure to state a cognizable claim for federal habeas relief.  Section 2254 confers jurisdiction on a district court to issue a writ of habeas corpus on behalf of a person in custody "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  *See also Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973) (habeas relief is not available for a state prisoner's claims that do not challenge "the fact or duration of his physical confinement itself").  Petitioner does not allege that the fact or duration of his confinement is illegal but rather that evidence was destroyed in his case without his permission after the expiration of the period for judicial review of his conviction.  The State's alleged destruction of evidence does not, however, necessarily render Petitioner's confinement illegal, and Petitioner only speculates that, if this evidence was still available, it might confirm a "suspicion" of innocence.  Speculative and conclusory allegations do not state a ground for habeas relief.  Accordingly, the Petition must be dismissed for failure to state a claim on which habeas relief can be granted.

In light of these defects, **Petitioner is ORDERED TO SHOW CAUSE on or before January 4, 2016 why the Petition should not be dismissed** – that is, he must submit a First Amended Petition For Writ Of Habeas Corpus By A Person In State Custody that includes:  (1) specific factual allegations demonstrating the Petition's timeliness under 28 U.S.C. § 2244(d)(1); and (2) specific factual allegations to support a claim that the fact or duration of his confinement violates the U.S. Constitution or federal law.

**Petitioner's failure to timely show cause for proceeding with this action will result in the Court recommending dismissal pursuant to Rule 4 of the Habeas Rules, Local Rule 41-1, and Rule 41 of the Federal Rules of Civil Procedure.**

If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss it by filing a signed document entitled "Notice Of Voluntary Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1).

:
**Initials of Preparer**    rh